UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Brian Crabtree, | Case No. 21-cv-2596 (WMW/BRT) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Clearwater County Sheriffs Office, Larry Olson, and Travis Iverson, | |
| Defendants. | |

---

Before the Court is United States Magistrate Judge Becky R. Thorson's March 3, 2022 Report and Recommendation (R&R) on Plaintiff Brian Crabtree's complaint and application to proceed in district court without prepaying fees or costs (IFP Application). (Dkt. 10.) The R&R recommends dismissing Crabtree's complaint without prejudice for failure to state a claim and denying Crabtree's IFP Application as moot. Crabtree filed timely objections to the R&R. For the reasons addressed below, the Court overrules Crabtree's objections, adopts the R&R, dismisses Crabtree's complaint, and denies Crabtree's IFP Application as moot.

BACKGROUND

Crabtree commenced this lawsuit on December 2, 2021, naming three defendants: the Clearwater County Sheriff's Office (Sheriff's Office); Larry Olson, whom Crabtree suggests is the Clearwater County Sheriff; and Travis Iverson. The complaint suggests that Crabtree also seeks relief from Roseau County. Crabtree's sparse complaint advances four allegations. First, "Larry Olson Took My Truck No Reason Winter of 2020." Second,

"Prosecutor Charged Me Robery [sic] Dropped Charges."  Third, "Travis Iverson said I assaulted Him He Lied."  Fourth, "Rouseo CTY dismissed 5th Degree Possesion [sic]."

Crabtree filed a document on December 13, 2021 (First Mailing), and another on January 18, 2022 (Second Mailing), that provide more context for Crabtree's claims.  In the First Mailing and the Second Mailing, Crabtree alleges that on November 19, 2019, the Sheriff's Office arrested Crabtree for aggravated robbery, but the case was dismissed.  Crabtree alleges that his arrest was featured in the news and that Iverson slandered him at that time.  Crabtree alleges that in December 2020, Olson and the Sheriff's Office seized and impounded Crabtree's truck without a search warrant.  Crabtree also explains that he served 90 days in jail before the charges against him were dismissed.  Crabtree alleges that, because Olson impounded Crabtree's truck, Crabtree was unable to get to work and lost his job and his truck.

The R&R recommends dismissing Crabtree's complaint without prejudice for failure to state a claim and denying Crabtree's IFP Application as moot.  Crabtree filed objections to the R&R on March 11, 2022.

## ANALYSIS

A district court reviews *de novo* those portions of an R&R to which timely objections are filed.  28 U.S.C § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3)); *accord Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  An objection to a R&R must specify the nature of the objection and the grounds for doing so.  *Montgomery v. Compass*

2

*Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Any objection that merely repeats arguments that were presented to and considered by a magistrate judge is not reviewed *de novo*; rather, such an objection is reviewed for clear error. *Id.* Because Crabtree is proceeding *pro se*, the Court construes his objections liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Even when liberally construed, Crabtree's objections lack sufficient specificity to warrant a *de novo* legal analysis. For this reason, the Court reviews the R&R for clear error. *See Grinder*, 73 F.3d at 795; *Montgomery*, 98 F. Supp. 3d at 1017 (observing that objections to a R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error"). Having carefully performed this review, the Court finds no clear error and, therefore, adopts the R&R.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Brian Crabtree's objections, (Dkt. 13), to the March 3, 2022 R&R, (Dkt. 10), are **OVERRULED**.

2. The March 3, 2022 R&R, (Dkt. 10), is **ADOPTED**.

3. Plaintiff Brian Crabtree's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

4. Plaintiff Brian Crabtree's application to proceed in district court without prepaying fees or costs, (Dkt. 2), is **DENIED AS MOOT**.

LET JUDGMENT BE ENTERED ACCORDINGLY

Dated: April 28, 2022                                                             s/Wilhelmina M. Wright
                                                                                               Wilhelmina M. Wright
                                                                                               United States District Judge